ROBERT H. AND JAMES L. BRADFORD, PLAINTIFFS IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Claims Against the State:** EMPLOYMENT OF ATTORNEY FOR THE STATE NOT VALID WHEN THERE IS NO LAW AUTHORIZING IT. The claim on which the action was brought was for the recovery for services performed by the plaintiffs as attorneys in an action against the state, under an employment by the attorney general, by which they were to have a fee of ten thousand dollars, contingent upon a judgment being finally recovered favorable to the state, which was obtained. *Held*, that there was no law authorizing the employment, and, if actually made, was void, and all services performed under it gratuitous, imposing no legal obligation on the state to pay for them.

2. ———: ———. If, in view of the services rendered, there be a moral obligation to pay for them, this is a consideration that may be addressed to the legislature, but which neither the auditor nor the courts can recognize.

3. ———: ACTIONS AGAINST THE STATE: HOW COURTS GET JURISDICTION IN. The courts can acquire jurisdiction in actions on claims against the state only by an appeal from the decision of the auditor of public accounts and secretary of state.

ERROR to the district court for Lancaster county. Heard upon a demurrer to the petition before POUND, J., who sustained the same and rendered judgment dismissing the cause for want of jurisdiction.

*Lamb, Billingsley & Lambertson* and *George W. Covell*, for plaintiffs in error, insisted that plaintiffs

were duly and legally employed, and that the services they rendered were under a contract with the state, authorized by law; that by act of 1867 power and authority were granted the governor:  1.  To select and employ an attorney to prosecute any and all actions necessary and proper to secure the right of the state in or to any property owned or claimed by the state, in any court or in any county or state in the union.  2.  To select and employ an attorney to defend any action which may be brought against the state, or any of its officers in respect of any property owned or claimed by the state. Laws 1867, p. 84; that by the act of February 9, 1867, until there should be an attorney general, there was devolved upon the attorney, so appointed by the governor, "in addition to those devolved upon him" by the act under which the governor appointed him, such duties "as are usually performed by the attorney general of a state."  Laws 1869, p. 64.  That in this case as alleged in the petition the employment was made by the attorney general "by and with the advice and consent of Hon. W. H. James, then the governor of the state;" that the authority conferred by these acts upon the governor was not repealed by the act providing for the election of an attorney general, Laws, 1869, p. 164; and quoted *in extenso* the second, third, and fourth points in the brief of *J. R. Webster* in the case of *The State v. Stout*, ante p. 99, as applicable to the claim of the plaintiffs here.

*T. M. Marquett*, for the defendant in error.

Plaintiffs in error are afraid that the honor and dignity of the state will suffer, and they invoke for the claimants "broad principles of natural equity," and claim that neither the laws governing courts nor the constitution apply to them.  The logical sequence is this—that per-

sons who hold claims against the state are a favored class, who can alone make wings of " justice and right " to fly to that mystic region above and beyond the trammels of law, and where such unjust things as contracts and written constitutions do not exist; but where for them a straight and narrow pathway leads to the treasury, whose doors, without stint or delay, turn softly on golden hinges to admit them.    Yet if I do not very much mistake this court, " these wings " will unfeather in their flight, and claimants against the state must fall to a common level with all other litigants, and stand up to the rack where is fed that good old fodder of " justice and right," as administered by our courts.    *Stevens v. Ross*, 1 Cal., 95.

LAKE, J.

The action in the court below was brought against the state under the act of February 14th, 1877, which provides in what courts the state may sue and be sued. The claim on which the action was based was for legal services, alleged to have been rendered by the plaintiffs, as attorneys, on behalf of the state, in the suit of *J. Sterling Morton v. Jesse T. Green and The State of Nebraska*, concerning certain saline lands, and in the several courts through which the case was carried to the supreme court of the United States, where the title of the state to the property in dispute was finally confirmed.

In view of the recent decision made by this court in the case of the *State v. Stout*, decided during the present term, and which involved a consideration of the same questions, substantially, that are presented, it is unnecessary to again go over them in detail, or to refer particularly to the several statutes that were referred to and construed in that case, and by which we reached the

conclusion that, as the law now stands, the courts can acquire jurisdiction in actions on claims against the state only by an appeal from the decision of the auditor of public accounts and secretary of state, as provided in the act of February 17th, 1877.

In this case the claim was not presented to the auditor for adjustment, nor was it indeed one which that officer had authority to consider. The employment under which the services were rendered is alleged to have been by George H. Roberts, the attorney general, by which it was agreed that they were to have a fee of *ten thousand dollars*, contingent upon the event of the final decision of the controversy being in favor of the state.

It is needless to take time in discussing the validity of this employment. It is enough to say that there was no law authorizing it, and if such an engagement were formally entered into, it was absolutely void, and all services performed under it were merely gratuitous, imposing no legal obligation on the state to pay for them. If it be supposed that, in view of the services rendered by the plaintiffs, and all the circumstances attending the transaction, the state is under a moral obligation to compensate them, this is a consideration that may properly be addressed to the legislature, but which neither the auditor nor the courts can recognize in any manner whatsoever.

For the reason, therefore, that the district court had no jurisdiction of the subject matter of the action, the judgment dismissing the case is affirmed.

JUDGMENT ACCORDINGLY.